**FILED**
FEB 19 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _aCC_ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID YANCY,<br><br>                Plaintiff,<br><br>v.<br><br>HENRIETTA BERNARD, TUAFUTI FAUALO,<br><br>              Defendants. | Case No.: 16-cv-315-BEN (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

     Defendants Henrietta Bernard and Tuafuti Faualo filed a Notice of Removal in conjunction with motions to proceed *in forma pauperis* ("IFP"). (Docket Nos. 1, 3, 4.) The Court need not address Defendant's motions because the Court does not have subject-matter jurisdiction to hear this matter.

**I.    Motions to Proceed IFP**

     All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

Plaintiff Faualo has been unemployed since January 2015 and Plaintiff Bernard has been unemployed since December 2015. They support themselves and two children on approximately $1700 per month. However, Plaintiffs lists no obligations, debts, or daily expenses. As such, it appears that they may be able to afford to pay the filing fee. The Court therefore **DENIES** the motions to proceed IFP.

Even assuming Plaintiffs were granted leave to proceed IFP, the action would be screened and remanded for lack of subject-matter jurisdiction. *See Cal. Hous. Fin. Agency v. Zulali*, No. 12cv1626, 2012 WL 3542269 (S.D. Cal. Aug. 2, 2012).

## II.   IFP Screening

Under section 1915(e) of title 28 of the United States Code, the Court must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there

is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

This is an unlawful detainer action initially filed in the Superior Court of California, County of San Diego. The Complaint alleges that Plaintiff David Yancy owns real property located at 4750 Calle Las Positas, #E-48, Oceanside, California 92057. According to Plaintiff, Defendants were served with a "3-day notice to pay rent or quit" on November 8, 2015, but unlawfully continue in possession of the property. Plaintiff seeks past due rent in the amount of $1,063.43 and the fair rental value of the premises at the rate of $35 per day until judgment is rendered or possession of the premises is recovered, and Plaintiff's costs of suit. Defendants filed a Notice of Removal on February 8, 2016.

The Court does not have subject-matter jurisdiction over the present action. Because the Complaint does not allege a violation of any federal law, this Court does not have federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In addition, because the Complaint seeks less than $10,000 in damages, this Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."). It is also unclear whether Defendants meet the diversity of citizenship requirement as they are living in California. As such, Defendants have not met their burden showing that removal is proper and it is clear that they cannot meet the requirements for federal question or diversity jurisdiction.

///
///
///

## CONCLUSION

This Court lacks subject-matter jurisdiction. Accordingly, the Court **REMANDS** this action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: February 19, 2016

HON. ROGER T. BENITEZ
United States District Judge